UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID WAYNE GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05 CV 213 PS |
| ) | |
| UNITED STATES STEEL CORPORATION ) | |
| and UNITED STEEL WORKERS OF AMERICA ) | |
| LOCAL 6103, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant United States Steel Corporation's partial motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff David Wayne Green has brought this employment action against Defendants United States Steel Corporation ("U.S. Steel") and United Steel Workers of America Local 6103 ("USWA"). Plaintiff's complaint asserts multiple claims against U.S. Steel, including a claim that U.S. Steel retaliated against him because he exercised his statutory right to express his views and to engage in protected union activity. U.S. Steel argues that this Court lacks subject matter jurisdiction over Plaintiff's retaliation claim because it is an unfair labor practice claim subject to the National Labor Relations Act and, therefore, within the exclusive jurisdiction of the National Labor Relations Board. Plaintiff did not respond to U.S. Steel's motion. For the reasons set forth below, U.S. Steel's partial motion to dismiss is granted.

**I.    BACKGROUND**

    **A.    Plaintiff's Complaint**

Plaintiff's complaint asserts three claims against U.S. Steel: 1) a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §2000e *et seq*.; 2) a claim under Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §621 *et seq*.; and 3) a retaliation claim.[1] [Doc. No. 1.]  U.S. Steel does not seek dismissal of any other claim besides Plaintiff's retaliation claim.

Plaintiff alleges the following facts in his complaint.  In 1970, Plaintiff began working for National Steel Corporation, a predecessor to Defendant U.S. Steel.  Plaintiff became a U.S. Steel employee in the spring of 2003.  On May 28, 2004, Plaintiff reported to work ill.  On that same date, he provided a urine sample in connection with a drug test and allegedly tested positive for marijuana.  Plaintiff protested that he had not used marijuana, but U.S. Steel did not re-test Plaintiff.  On June 3, 2004, U.S. Steel suspended Plaintiff for one day for failing to follow work instructions on May 28, 2004.  U.S. Steel then suspended Plaintiff for five additional days, pending discharge, for allegedly being under the influence of an illegal substance.  Plaintiff later provided additional urine samples and hair samples, all of which tested negative for drugs.  On June 15, 2004, Plaintiff signed a "Last Chance Agreement" in lieu of discharge and was required to undergo drug rehabilitation.  Ultimately, Plaintiff assumed a lower paying job at U.S. Steel.

Plaintiff alleges that he suffered harsher consequences than other employees at U.S. Steel who tested positive for drugs.  Plaintiff further alleges that he "was vocal concerning the

---

[1] In addition to his claims against U.S. Steel, Plaintiff has asserted a single claim against USWA.  Plaintiff alleges that USWA breached its duty to represent Plaintiff fully and fairly in connection with his employment at U.S. Steel.  [Doc. No. 1.]

2

assertion of his rights under the collective bargaining agreement" during his employment at U.S. Steel. According to Plaintiff, U.S. Steel retaliated against him because he "exercised his statutory right to express his views and to engage in protected union activity." [Doc. No. 1.]

  B.  **Procedural History**

On May 23, 2005, Plaintiff filed his complaint. [Doc. No. 1.] On July 22, 2005, Defendant U.S. Steel filed an answer and a partial motion to dismiss the retaliation claim for lack of subject matter jurisdiction. [Doc. Nos. 9-11.] U.S. Steel certified that it served Plaintiff's counsel with a copy of its partial motion to dismiss and the brief in support. [Doc. Nos. 9-10.] Plaintiff never responded to the partial motion to dismiss.

**II.**  **DISCUSSION**

  A.  **Legal Standard**

Under Rule 12(b)(1), a claim should be dismissed if the federal court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(b)(1). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT&T Wireless Services, Inc.,* 205 F.3d 983, 990 (7th Cir. 2000). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). District courts are free to weigh the evidence to determine whether jurisdiction exists. *Id.* When a party moves for dismissal under Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

B.   **The National Labor Relations Act**

Congress passed the National Labor Relations Act (the "NLRA") in 1935 to govern relations between labor unions and employers whose operations affect interstate commerce. *See* 29 U.S.C. §151 *et seq.* The NLRA guarantees the right of employees to organize and to bargain collectively with their employers or to refrain from all such activity. *Id.* Section 7 of the NLRA outlines the rights of employees:

> "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3)."

29 U.S.C. §157. Section 8(a) of the NLRA identifies unfair labor practices of employers. 29 U.S.C. §158(a). Under Section 8(a)(1), it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [Section 7]." 29 U.S.C. §158(a)(1). Under Section 8(a)(3), it is an unfair labor practice for an employer "by discrimination in regard to hire or tenure of employment or any term or condition of employment, to encourage or discourage membership in any labor organization . . ." 29 U.S.C. §158(a)(3).

Congress created the National Labor Relations Board ("NLRB") to administer the NLRA. 29 U.S.C. §153. The NLRB has exclusive jurisdiction to remedy unfair labor practices by employers and unions. *N.L.R.B. v. State of Ill. Dept. of Employment Sec.*, 988 F.2d 735, 738 (7th Cir. 1993), *citing Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108

(1989).  "When an activity is arguably subject to §7 or §8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."  *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 780 (1959); *see also William E. Arnold Co. v. Carpenters Dist. Council of Jacksonville and Vicinity*, 417 U.S. 12, 15-16 (1974); *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 50 (1998).

**C.     Analysis**

U.S. Steel contends that Plaintiff's retaliation claim should be dismissed under Rule 12(b)(1) because it is an unfair labor practice claim that falls within the primary and exclusive jurisdiction of the NLRB.  The Court agrees.  Plaintiff has alleged that U.S. Steel retaliated against him because Plaintiff "exercised his statutory right to engage in protected union activity."  [Doc. No. 1.]  Under *Garmon*, such a claim is at least "arguably subject" to Sections 7 and 8 of the NLRA.  Plaintiff has not presented this Court with any authority or proof to the contrary. *See APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 630 (7th Cir. 2002) ("it is not this court's responsibility to research and construct the parties' arguments"); *accord Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993) (district court has no obligation to construct an argument on behalf of party).  Thus, this Court finds that the NLRB has primary and exclusive jurisdiction over Plaintiff's retaliation claim.  *See*, *e.g., Bibby v. Philadelphia Coca Cola Bottling Co.,* 85 F. Supp. 2d 509, 518 (E.D. Pa. 2000) ("Retaliation for the exercise of a protected right under the NLRA is within the exclusive jurisdiction of the NLRB").

### III.     CONCLUSION

For the foregoing reasons, Defendant United States Steel Corporation's Partial Motion To Dismiss is **GRANTED**.  Plaintiff's retaliation claim is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED.**

DATED:  October 14, 2005

s/ Philip Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
